NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____

|  | : |  |
|---|---|---|
| BIBA KAJTAZI, | : | |
| | : | **Civ. No. 18-14388(RMB)** |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DAVID ORTIZ, Warden | : | |
| | : | |
| Respondent | : | |

_____ :

**BUMB, United States District Judge**

On March 22, 2019, Petitioner filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP") denial of halfway house placement. (Am. Pet., ECF No. 13.) On September 11, 2019, Respondent informed the Court that Petitioner was released from the BOP's custody. (Letter, ECF No. 16; Exhibit, ECF No. 16-1.) Respondent asserts the amended petition is now moot.

A habeas petition "generally becomes moot when [a petitioner] is released from custody" because there is no longer "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Vasquez v. Aviles, 639 F. App'x 898, 902 (3d Cir. 2016) (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)). The present petition no longer presents a case or

controversy under Article III, § 2 of the United States Constitution because Petitioner is no longer in BOP custody. <u>See id.</u> (finding petition moot where there were no collateral consequences that could be addressed by success on the petition). Therefore, the amended petition is dismissed as moot.

An appropriate Order follows.

Date: <u>September 12, 2019</u>

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**
